

**STOLZENBERG CORTELLI LLP**
ATTORNEYS AT LAW

HOWARD B. STOLZENBERG
TERRENCE J. CORTELLI

March 13, 2023

**(BY ECF)**
Hon. Barbara Moses
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 20A
New York, NY 10007

**MEMO ENDORSED**

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 03/14/2023
```

      Re:    *Odette Hemmings v. The Port Authority of New York & New Jersey, et al.*
           ~~12 Civ. 09130~~ (ALC) (BCM)
           21 Civ. 9130

Dear Honorable Judge Moses:

      As you may be aware we represent plaintiff Odette Hemmings in the above-entitled matter. By way of background, in a conference held telephonically on February 16, 2023 the issue regarding surveillance video was again brought to your attention. At the conference defense counsel for JetBlue and the Port Authority made the contention that the video was controlled by Customs and Border Control. We were also directed to serve a further, limited, set of Interrogatories to better help address this issue.

      Since then, there have been some developments. On March 10, 2023, we received an email from defense counsel. The email stated that the video is indeed controlled by JetBlue, a named defendant in this action. In fact, it goes on to further claim that the video does not exist and is not in JetBlue's possession.

      Plaintiffs' counsel finds this very troubling. We have addressed this issue multiple times at each conference and outside of the court's presence. Each time we have been told that JetBlue does not control those cameras. Additionally, plaintiff served a preservation letter upon all parties the day after the accident, stating the accident happened in the "Jet Blue Terminal near immigration area." The Port authority incident report states the accident happened on the "Gate 27 Ramp US Customs." While it was unclear at first where the accident happened, both areas mentioned in plaintiffs' preservation letter and the Port Authority's report have video surveillance coverage. There was requisite knowledge of the general area where the accident occurred for defense counsel to request preservation of the video and yet the defendant's failed to preserve the video.

305 Old Tarrytown Road
White Plains, New York 10603
**mailing address**

99 Main Street
Nyack, New York 10960
**by appointment only**

26 Court Street
Brooklyn, New York 11242
**by appointment only**

T  (914) 361-4888 (main)
F  (914) 361-4478
W  www.stolzcortlaw.com

It is the plaintiff's position that the defendant's failure to preserve the video is prejudicial to important elements of plaintiffs' claims. Essential evidence has now been destroyed.

We write this letter to request a court conference in-person with Your Honor to address these issues and determine how to proceed.

Additionally, we request a conference to be held <u>in-person</u> as soon as possible.

Thank you for your consideration in this matter.

Respectfully submitted,

NOAH A. MITTMAN

Cc: Laurie Dallos, Esq. (Via ECF)
Alimonti Law Offices, P.C.
*Attorneys for Defendants*

---

Application DENIED without prejudice to renewal in compliance with Local Civ. R. 37.2 and Moses Ind. Prac. § 2(b). The Court understands that plaintiff finds recent developments "very troubling" and wishes to know "how to proceed." The cited rules answer that inquiry. If plaintiff believes she has been prejudiced by discovery misconduct on the part of by JetBlue, she must first meet and confer with JetBlue in good faith and in real time (not merely by email) to determine the scope of the problem and whether it can be resolved without judicial intervention. If that fails, plaintiff may request a conference by means of a letter in which she certifies that the good faith conference took place and succinctly sets forth "the relief sought." She must also attach the underlying discovery request(s) and response(s). SO ORDERED.

Barbara Moses
United States Magistrate Judge
March 14, 2023